# In the United States Court of Federal Claims

No. 20-706T
(Filed: July 24, 2020)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| ROSCOE BENTON, | ) |
|  | ) |
|  | ) |
| *Pro Se* Plaintiff, | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## O R D E R

The plaintiff filed a complaint in the above captioned case on June 1, 2020. On June 15, 2020 this court issued an order (Doc. No. 6) for the plaintiff to pay $400.00 in fees or request authorization to proceed without prepayment of fees by submitting a signed application to proceed in forma pauperis ("IFP") by July 15, 2020. *See* 28 U.S.C. §§ 1914, 1915. Because the complaint indicated that the plaintiff is incarcerated, the plaintiff was also required to attach a Prisoner Authorization form and a certified copy of his trust fund account statement (or institutional equivalent[1]) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2).

The court's order (Doc. No. 6) indicated that if the plaintiff failed to submit the filing fee, IFP application, and Prisoner Authorization form by July 15, 2020, this action would be dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims. A review of court records indicates that the plaintiff has not submitted a filing fee, IFP application, or provided a Prisoner Authorization form. As such, the plaintiff's complaint is **DISMISSED** without prejudice for failure to prosecute. The Clerk is directed to enter judgment accordingly.

---

[1] An "institutional equivalent" of a certified statement may include, for instance, a printout of such statement if there is otherwise no reason to doubt its authenticity. *See Spencer v. United States*, 98 Fed. Cl. 349, 354 n.8 (2011).

2

**IT IS SO ORDERED**.

s/*Nancy B. Firestone*
NANCY B. FIRESTONE
Senior Judge